ROBERT REIL, individually and behalf of all others similarly situated,

        Plaintiff,

v.

KLS FINANCIAL SERVICES, INC.,

        Defendant.

Case No. 1:26-cv-00046

## DEFENDANT KLS FINANCIAL SERVICES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

NOW COMES Defendant KLS Financial Services, Inc. ("KLS" or "Defendant"), by and through its undersigned counsel, and hereby files its Answer and Affirmative Defenses to Plaintiff Robert Reil's ("Plaintiff") Complaint as follows:

## I.      RESPONSE TO NATURE OF ACTION

1.     Defendant admits Plaintiff alleges violations of the Telephone Consumer Protection Act ("TCPA") and its implementing regulations adopted by the Federal Communications Commission ("FCC") but denies violating the TCPA or any other law and denies Plaintiff is entitled to any of the relief sought.

2.     Defendant admits making calls to Plaintiff using an artificial or prerecorded device but denies violating the TCPA. Defendant denies any remaining allegations in paragraph 2.

3.     Defendant admits Plaintiff seeks injunctive relief and statutory damages but denies any allegations of unlawful conduct and further denies Plaintiff is entitled to any of the relief sought

1

## II.  RESPONSE TO PARTIES

4.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 and, therefore, denies those allegations.

5.  Admitted.

## III.  RESPONSE TO JURISDICTION AND VENUE

6.  The allegations in paragraph 6 constitute conclusions of law to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and, therefore, denies those allegations.

7.  The allegations in paragraph 7 constitute conclusions of law to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 and, therefore, denies those allegations.

8.  Responding to paragraph 8, Defendant denies prerecorded calls to "Plaintiff Brockington" are at issue as Defendant has no knowledge of claims asserted by "Plaintiff Brockington." The remaining allegations in paragraph 8 constitute conclusions of law to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 and, therefore, denies those allegations.

## IV.  RESPONSE TO FACTUAL ALLEGATIONS

9.  Admitted upon information and belief.

10.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and, therefore, denies those allegations.

2

11. Admitted Plaintiff did not directly provide Defendant with his phone number. Defendant denies any remaining allegations in paragraph 11.

12. Admitted Defendant made a prerecorded call to Plaintiff in July of 2024. Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 12 and, therefore, denies those allegations.

13. Admitted.

14. Defendant denies any attempt by Plaintiff to interpret or paraphrase the cited case and denies any allegations inconsistent with the text of the cited case. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 and, therefore, denies those allegations.

15. Admitted Defendant made calls to Plaintiff using an artificial or prerecorded voice. Defendant denies the remaining allegations in paragraph 15.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and, therefore, denies those allegations.

17. Admitted only that Plaintiff did not directly establish a business relationship with Defendant, otherwise denied.

## V. RESPONSE TO CLASS ACTION ALLEGATIONS

18. Defendant realleges and reincorporates all previous responses as if fully set out herein.

19. Responding to paragraph 19, Defendant admits only that Plaintiff attempts to bring this action on behalf of a purported class. Defendant denies the allegations are appropriate for class certification, denies that any class should be certified, and denies Plaintiff is a suitable class representative.

3

20. Responding to paragraph 20, Defendant admits only that Plaintiff attempts to bring this action on behalf of a purported class. Defendant denies the allegations are appropriate for class certification, denies that any class should be certified, and denies Plaintiff is a suitable class representative.

21. Responding to paragraph 21, Defendant admits only that Plaintiff attempts to bring this action on behalf of a purported class. Defendant denies the allegations are appropriate for class certification, denies that any class should be certified, and denies Plaintiff is a suitable class representative.

22. Responding to paragraph 22, Defendant admits only that Plaintiff attempts to bring this action on behalf of a purported class. Defendant denies the allegations are appropriate for class certification, denies that any class should be certified, and denies Plaintiff is a suitable class representative.

23. Responding to paragraph 23, Defendant admits only that Plaintiff attempts to bring this action on behalf of a purported class. Defendant denies the allegations are appropriate for class certification, denies that any class should be certified, and denies Plaintiff is a suitable class representative.

24. Responding to paragraph 24, Defendant admits only that Plaintiff attempts to bring this action on behalf of a purported class. Defendant denies the allegations are appropriate for class certification, denies that any class should be certified, and denies Plaintiff is a suitable class representative.

25. Responding to paragraph 25, Defendant admits only that Plaintiff attempts to bring this action on behalf of a purported class. Defendant denies the allegations are appropriate for class certification, denies that any class should be certified, and denies Plaintiff is a suitable class

representative.

26.     Responding to paragraph 26, Defendant admits only that Plaintiff attempts to bring this action on behalf of a purported class. Defendant denies the allegations are appropriate for class certification, denies that any class should be certified, and denies Plaintiff is a suitable class representative.

27.     Responding to paragraph 27 and its subparts, Defendant admits only that Plaintiff attempts to bring this action on behalf of a purported class. Defendant denies the allegations are appropriate for class certification, denies that any class should be certified, and denies Plaintiff is a suitable class representative.

28.     Responding to paragraph 28, Defendant admits only that Plaintiff attempts to bring this action on behalf of a purported class. Defendant denies the allegations are appropriate for class certification, denies that any class should be certified, and denies Plaintiff is a suitable class representative.

29.     Denied that Plaintiff is an adequate representative of the putative class.  Further responding to paragraph 29, Defendant admits only that Plaintiff attempts to bring this action on behalf of a purported class. Defendant denies the allegations are appropriate for class certification, denies that any class should be certified, and denies Plaintiff is a suitable class representative.

30.     Denied that Plaintiff is an adequate representative of the putative class.  Further responding to paragraph 30, Defendant admits only that Plaintiff attempts to bring this action on behalf of a purported class. Defendant denies the allegations are appropriate for class certification, denies that any class should be certified, and denies Plaintiff is a suitable class representative.

31.     Responding to paragraph 31, Defendant admits only that Plaintiff attempts to bring this action on behalf of a purported class. Defendant denies the allegations are appropriate for class

certification, denies that any class should be certified, and denies Plaintiff is a suitable class representative.

32.     Responding to paragraph 32, Defendant admits only that Plaintiff attempts to bring this action on behalf of a purported class. Defendant denies the allegations are appropriate for class certification, denies that any class should be certified, and denies Plaintiff is a suitable class representative.

33.     Responding to paragraph 33, Defendant admits only that Plaintiff attempts to bring this action on behalf of a purported class. Defendant denies the allegations are appropriate for class certification, denies that any class should be certified, and denies Plaintiff is a suitable class representative.

34.     Responding to paragraph 34, Defendant admits only that Plaintiff attempts to bring this action on behalf of a purported class. Defendant denies the allegations are appropriate for class certification, denies that any class should be certified, and denies Plaintiff is a suitable class representative.

35.     Responding to paragraph 35, Defendant admits only that Plaintiff attempts to bring this action on behalf of a purported class. Defendant denies the allegations are appropriate for class certification, denies that any class should be certified, and denies Plaintiff is a suitable class representative.

36.     Responding to paragraph 36, Defendant admits only that Plaintiff attempts to bring this action on behalf of a purported class. Defendant denies the allegations are appropriate for class certification, denies that any class should be certified, and denies Plaintiff is a suitable class representative.

## Alleged Violation of the TCPA, 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)
### (On Behalf of Plaintiff and the TCPA Prerecorded Voice Class)

37.   Responding to paragraph 37, Defendant realleges and reincorporates all previous responses as if fully set out herein.  To the extent a further response is required, Defendant denies the allegations in paragraph 37.

38.   Defendant denies any attempt by Plaintiff to interpret or paraphrase the cited statute and denies any allegations inconsistent with the text of the cited statute.

39.   Admitted that Defendant placed telephone calls to Plaintiff using an artificial or prerecorded voice. Defendant denies the remaining allegations in paragraph 39.

40.   Defendant denies any attempt by Plaintiff to interpret or paraphrase the cited case and denies any allegations inconsistent with the text of the cited case. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 40 and, therefore, denies those allegations.

41.   Admitted that Defendant placed telephone calls to Plaintiff using an artificial or prerecorded voice. Defendant denies the remaining allegations in paragraph 41.

42.   Denied.

43.   Denied.

44.   Denied.

45.   Denied.

46.   Denied.

47.   Denied.

48.   Denied.

7

## VII.    RESPONSE TO PRAYER FOR RELIEF

49.    Defendant denies Plaintiff is entitled to any of the relief sought.

50.    Except as expressly admitted or qualified herein, Defendant denies all allegations in Plaintiff's Complaint.

## VIII.    RESPONSE TO JURY DEMAND

51.    Defendant admits Plaintiff has demanded a jury trial but denies Plaintiff has sufficiently raised any issues triable to a jury.

## AFFIRMATIVE DEFENSES

For its affirmative defenses to Plaintiff's Complaint, Defendant states as follows:

52.    Plaintiff cannot assert a TCPA claim either individually or on behalf of a putative class because Defendant had prior express consent to place calls to Plaintiff using an artificial or prerecorded voice.

53.    Plaintiff's claims and the claims of the putative class members are barred to the extent Plaintiff and/or putative class members failed to mitigate their claimed damages.

54.    Plaintiff's claims and the claims of putative class members are barred to the extent Plaintiff's and/or putative class members' claimed damages were not proximately caused by Defendant.

55.    Defendant pleads any and all applicable statutes of limitation.

56.    Defendant reserves the right to amend or supplement its affirmative defenses to assert any other available defenses discovered during the pendency of this action regardless of when such defenses are, or should have been, discovered.

WHEREFORE, Defendant requests Plaintiff's Complaint be dismissed with prejudice, that Plaintiff take nothing from Defendant, and that the Court provide such other and further relief to

8

Defendant as is just and proper.

Dated:  March 18, 2026.   Respectfully Submitted,

        **BEDARD LAW GROUP, P.C.**

        <u>/s/ John H. Bedard, Jr.</u>
        John H. Bedard, Jr.
        Tennessee Bar No. 031926
        *Counsel for Defendant*

4855 River Green Parkway,
Suite 310
Duluth, Georgia 30096
Telephone: (678) 253-1871
jbedard@bedardlawgroup.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 18, 2026, I electronically filed Defendant's Answer using the CM/ECF system which will automatically send email notification to the following attorney of record:

Anthony I. Paronich
anthony@paronichlaw.com

**BEDARD LAW GROUP, P.C.**

/s/ John H. Bedard, Jr.
John H. Bedard, Jr.
Tennessee Bar No. 031926
*Counsel for Defendant*

10